

GOVERNMENT EXHIBIT 1 4-19-2023

United States District Court
Eastern District of Michigan
Southern Division

United States of America,

    Plaintiff,

v.

                            Case No. 22-cr-20591

                            Hon. Sean F. Cox

Timothy Allen Teagan,

    Defendant.

_____/

## Plea Agreement

The United States of America and the defendant, Timothy Allen Teagan, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1.   Counts of Conviction**

The defendant will plead guilty to Count 1 and Count 3 of the Indictment. Count 1 charges the defendant with being a drug user in possession of a firearm and ammunition under Title 18, United States Code, Section 922(g)(3). Count 3 charges the defendant with making a false statement in connection with the acquisition of a firearm under Title 18, United States Code, Section 922(a)(6).

2. **Statutory Minimum and Maximum Penalties**

The defendant understands that the counts to which he is pleading guilty carry the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | Maximum of 15 years |
|---|---|---|
| | Fine: | Up to $250,000 |
| | Term of supervised release: | 2 to 5 years |
| Count 3 | Term of imprisonment: | Maximum of 10 years |
| | Fine: | Up to $250,000 |
| | Term of supervised release: | 1 to 3 years |

3. **Agreement to Dismiss Remaining Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the indictment against the defendant in this case. Specifically, the United States Attorney's Office will move to dismiss

Count 2, drug user in possession of a firearm, under Title 18, United States Code, Section 922(g)(3) of the indictment.

4. **Elements of Count[s] of Conviction**

The elements of Count 1 are:

(1) the defendant is an unlawful user of or addicted to any controlled substance;

(2) the defendant knowingly possessed a firearm or ammunition;

(3) that at the time defendant possessed the firearm or ammunition, he knew he was an unlawful user of or addicted to a controlled substance; and

(4) the firearm or ammunition crossed a state line before the defendant possessed it (or it was manufactured outside the State of Michigan).

The elements of Count 3 are:

(1) the defendant knowingly made a false or fictitious oral or written statement in connection with the acquisition of a firearm from a licensed firearms dealer;

(2) the statement was material to the lawfulness of the sale or disposition of the firearm,

(3) the statement was intended to deceive the firearms dealer.

## 5. Factual Basis

The parties agree that the following facts are true, accurately describe the defendant's role in the offenses, and provide a sufficient factual basis for the defendant's guilty plea:

Defendant has been a frequent and habitual marijuana user for many years, including between July 1, 2022, and November 1, 2022. Defendant is also addicted to marijuana and was addicted to marijuana between July 1 and November 1, 2022.

On July 17, 2022, Defendant completed a Firearms Transaction Record, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Form 4473, and submitted the form to Firing Lane Gun Store, a Federal Firearms License-holder (FFL) in Westland, Michigan in connection with the acquisition of a firearm from this licensed firearms dealer. Defendant applied for the purchase of a Glock 34, 9 millimeter pistol, serial number HWF867. On the ATF Form 4473, Defendant checked "no" to the following question:

> "Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance? Warning: The use of possession of marijuana remains unlawful under Federal law regardless of

whether it has been legalized or decriminalized for medicinal or recreational purposes in the state where you reside."

At the time Defendant prepared the ATF Form 4473 and submitted it to the FFL, Defendant was a frequent and habitual user of marijuana, and was also addicted to the drug. Defendant lied on the ATF Form 4473 because Defendant knew that he would be legally prohibited from purchasing and possessing a firearm if he answered truthfully and admitted that he was addicted to marijuana, or a habitual user of marijuana. Defendant intended to deceive the Firing Lane Gun Store so that Defendant would be permitted to purchase and possess the Glock firearm. On July 20, 2022, when Defendant completed the purchase of the Glock, he re-certified the accuracy of his earlier statements on the ATF Form 4473, including the statements regarding his drug use.

On October 25 through 27, 2022, Defendant possessed a Diamondback Arms, Inc. DB-15 .556 caliber semi-automatic rifle and ammunition and stored the firearm and some of the ammunition in his bedroom at his father's home located at XXXX Cherry Street, Plymouth, Michigan. Defendant purchased the rifle, which was manufactured outside the state of Michigan, in December 2019 from FFL Sky Arms, in

Canton, Michigan. Defendant knew that he was a frequent and habitual user of marijuana on October 25 through 27, 2022.

## 6. Advice of Rights

The defendant has read the indictment, has discussed the charges and possible defenses with his attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A. The right to plead not guilty and to persist in that plea;

B. The right to a speedy and public trial by jury;

C. The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D. The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E. The right to confront and cross-examine adverse witnesses at trial;

F. The right to testify or not to testify at trial, whichever the defendant chooses;

G. If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H. The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I. The right to compel the attendance of witnesses at trial.

## 7. Collateral Consequences of Conviction

The defendant understands that his convictions here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his convictions here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his convictions here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of

the defendant's convictions might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his convictions.

## 8. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense(s) to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph,

will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties recommend that the following guidelines provisions apply to the defendant's guideline calculation.

- U.S.S.G. § 3D1.2(b), (d)—Counts 1 and 3 are closely related counts and should be grouped together.

- U.S.S.G. §2K2.1(a)(6)—14 levels for Unlawful Receipt and Possession of Firearms and Ammunition.

The parties have no other recommendations as to the defendant's guideline calculation.

### D. Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing purposes.

### E. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the

guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F. Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

### 9. Imposition of Sentence

### A. Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B. Imprisonment

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant be sentenced to **13 months and 1 day** of imprisonment on Count 1, and 13 months and 1 day imprisonment on Count 3. The government further recommends that the sentences run concurrently.

#### 2. No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

## C. Supervised Release

### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a **3-year term** of supervised release.

### 2. No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

## D. Fines

There is no recommendation or agreement as to a fine.

## F. Forfeiture

The defendant agrees, pursuant to 18 U.S.C. § 924(d) together with 28 U.S.C. § 2461(c), to forfeit to the United States all firearms and ammunition involved in or used in the commission of his violations of 18

U.S.C. § 922(g)(3) (Count 1) and 18 U.S.C. § 922(a)(6) (Count 3), including but not limited to a Diamondback Arms, Inc. DB-15 .556 caliber semi-automatic rifle, a Glock 34 9 millimeter pistol, serial number HWF867, and ammunition.

The defendant agrees to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture of the above referenced property following the defendant's guilty plea, upon application by the United States as mandated by Fed. R. Crim. P. 32.2. The defendant agrees that the forfeiture order will become final as to the defendant at the time entered by the Court.

Defendant expressly waives his right to have a jury determine forfeitability of his interest in the above identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

Defendant further waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

The defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the Court to advise him of his rights with respect to forfeiture, set forth in Fed. R. Crim. P. 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant further agrees to hold the United States, its agents and employees, harmless from any claims whatsoever in connection with the seizure and forfeiture of the firearms and ammunition referenced above.

The defendant knowingly, voluntarily, and intelligently waives any statutory and constitutional challenge to the above-described forfeiture including any challenge based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### G. Special Assessment

The defendant understands that he will be required to pay a special assessment of $200, due immediately upon sentencing.

## 10. Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment

does not exceed the top of the sentencing guidelines as calculated by the Court, the defendant also waives any right he may have to appeal his sentence on any grounds.

### 11. Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

### 12. Consequences of Withdrawal of Guilty Plea or Vacation of Judgment

If the defendant is allowed to withdraw his guilty plea(s), or if the defendant's conviction or sentence under this agreement is vacated, the

government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

### 13. Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

### 14. Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 15. Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 16. Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 p.m. on April 5, 2023. The

government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison<br>
United States Attorney

_____  _____
Michael Martin             Saima S. Mohsin
Chief, National Security Unit   Assistant United States
Assistant United States    Attorney
Attorney

Dated: 3/15/2023

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

_____  _____
Todd Shanker               Timothy Allen Teagan
Attorney for Defendant     Defendant

Dated: 4/19/23